## INHABITANTS OF DENNIS *vs.* INHABITANTS OF BREWSTER.

Evidence that a boy, twelve or fifteen years of age, was brought to this country on a return from a whaling voyage, and was of dark complexion and foreign appearance, and spoke a foreign language, and hardly a word of English, and retained that appearance and spoke English very imperfectly after residing here for many years, is sufficient evidence of his foreign birth.

Proof that a foreigner, now deceased, resided in this country, owned parts of vessels and acted as master of coasting vessels here, and that the records of shipping of the port where he resided had been destroyed, is not sufficient to be submitted to the jury as evidence of his having been naturalized during that period, without proof of a search among his papers for a certificate of naturalization, or some evidence that such a certificate once existed.

ACTION OF CONTRACT to recover for the support of the family of Sylvester Spindle, paupers, who were descendants of Manuel

Spindle and wife, and had not acquired any settlement for them
selves, nor derived any from their intermediate ancestors, but
had the settlement in Brewster, which the wife of Manuel had
at the time of their marriage, unless they derived one from Man-
uel, who owned real estate in Dennis, and resided thereon long
enough to give him a legal settlement there, if he was a citizen
of the United States.

At the trial in the court of common pleas, before *Perkins*, J.,
the only questions for the jury were, whether Manuel Spindle
was a person of foreign birth; and, if he was, whether he had
been naturalized in Barnstable county at some time between
1804 and 1814.

Upon the first point, the plaintiffs offered evidence that about
1800 Manuel was brought to Dennis by a master mariner, who
resided there, upon his return from a whaling voyage, and was
then twelve or fifteen years old, a stranger, unknown to any of
the inhabitants, of foreign appearance, talking a foreign lan-
guage, and almost unable to speak a word of English; thal
even at the time of his death, about thirty six years later, he
spoke English in a very broken manner; and that he was of
quite a dark complexion, and had a strange foreign air, appear-
ance, manners and gestures. The defendants did not object to
the admissibility of any of this evidence, but contended that
it was not sufficient evidence that Manuel was of foreign birth.
But the judge ruled otherwise, and submitted that question to
the jury.

The defendants admitted that there was not now in existence
any record or certificate of the naturalization of Manuel, or any
written or oral evidence tending directly to show that such a
record or certificate had ever existed, nor any indirect evi-
dence thereof, except the following facts, which they offered to
prove: From 1804 to 1814 Manuel Spindle followed the seas as
a mariner, and built and owned one or more parts of schooners
of Barnstable, and acted as master of several different vessels
engaged in the coasting trade from ports on Cape Cod, and at
one time acted as mate of a schooner from one of these ports
The records of shipping, deposited in the Custom House at

Barnstable before 1817, were lost or destroyed, and in 1814 all such records and copies thereof which had been forwarded to Washington were there burned.

Upon inquiry by the court, the defendants said, "they proposed to use the evidence thus offered to satisfy the jury of the existence, at some time, of bills of sale or other muniments of title to such vessels, in which said Manuel Spindle would be described as a citizen of the United States; and also to satisfy them of the existence, at some time, of shipping articles and other documents evidencing the right of said Spindle to command de jure the vessels of which he acted as master de facto; and thence they proposed that the jury should draw the farther inference of the existence of a record of naturalization of said Spindle, which was burnt, as the defendants claimed, with the records of Barnstable County in 1827."

It appeared that there were several surviving children and other descendants, male and female, of Manuel. But no evidence of either of them, nor of any other person, was offered to show any inquiry or search for bills of sale, shipping papers or other writings relative to the ownership or command of the vessels above referred to, or for any papers of naturalization among his papers, or among those of any other owner or joint owner of such vessels. And the court ruled that there was not sufficient evidence of the existence and loss or destruction of such bills of sale or other papers, to let in secondary evidence of their contents; and that the evidence offered, if admitted, would not justify the jury in finding such a record of naturalization.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*T. D. Robinson*, for the defendants.

*G. Marston*, for the plaintiffs.

SHAW, C. J. The evidence offered by the plaintiffs, to prove that Manuel Spindle was a person of foreign birth, was not only competent, as of circumstances having a direct tendency to prove the fact in issue, but was amply sufficient for that purpose, and of such a nature and force, that a verdict against it could hardly have been sustained.

30 *

The evidence offered to prove the fact of Spindle's naturalization was rightly rejected. The certificate directed by law to be issued is the primary evidence of naturalization, and is presumed to be in the custody of the party naturalized, or his representatives. Were such certificate produced, and its authenticity questioned, evidence offered of its former existence, and its loss, or ineffectual search for it, in the right place, then proof of the destruction by fire of the records of the court from which it purported to have been issued might be competent, as an excuse for not producing the corroborating evidence which such record would afford. But no evidence was offered tha such certificate had been inquired for where the law presumes it to be, or that such certificate had ever existed. Whether the fact of his holding real estate, or commanding a vessel of his own or others, which he could not legally do, without being a citizen of the United States, (which might well occur through his own ignorance or that of others,) would be competent as secondary evidence, there is no occasion here to express any opinion.        *Exceptions overruled.*